## CHAMBERLAIN *v.* BITTERSOHN.

*(Circuit Court, D. South Carolina.* November 4, 1891.)

WRITS—SERVICE OF PROCESS—EFFECT OF AMENDMENT.
When, on defendant's special appearance and motion to set aside the complaint for variance from the summons, the court allows the summons to be amended so as to state that on default of answer plaintiff "will apply to the court," whereas before it read, "will take judgment against you," the order allowing the amendment is sufficient notice to defendant, and the original service will not be set aside because the copy served did not conform to the summons as amended.

At Law. On motion to set aside service of the summons.
*Mitchell & Smith*, for plaintiff.
*Northrop & Memminger*, for defendant.

SIMONTON, J. In this case the defendant, having been served with copy summons and complaint, employed an attorney. Becoming dissatisfied for some reason, he changed his attorney, and employed the gentleman who made this motion. When the present attorneys undertook the case, they entered a special appearance for the purpose of a motion to set aside the complaint "for irregularity, in that it does not conform to the summons." This motion was heard on 21st of October, and

an order was made permitting an amendment of the summons in the particulars stated hereafter. On 27th October last the plaintiff's attorney, in writing, informed the attorney for the defendant that the summons had been amended in the words ordered by the court. The amendment consisted in this: The notice following, and contained in the summons, had stated that, in default of an answer to the complaint annexed thereto, plaintiff "would take judgment against you." In lieu of these words, which were stricken out, were inserted the words, "will apply to the court." The motion now is to set aside the service of the summons on the defendant herein as defective for the reason that the copy does not conform to the original as amended. In other words, the plaintiff amended the summons in the record. This amendment caused a variance between it and the copy which had been originally served upon defendant. Because of this variance the defendant contends that the summons should be set aside. The copy summons served upon the defendant must be an exact reproduction of the original summons. Its office is to let him know that a complaint has been or is to be filed against him, so that he may defend or not, as he may be advised. In the present case the copy summons had fulfilled its office. Upon service of it the defendant came in, and, standing upon his summons, moved that the complaint be dismissed, because it did not correspond with the summons; that is to say, the summons called for an answer to the complaint. The defendant alleged that no answer could be required because of the defect, and that the complaint should be dismissed. His motion was heard and considered. The defect was recognized. The complaint was not dismissed. The court allowed an amendment of the record, and the defect was cured. This being the case, the complaint stands, and the defendant must answer it or go by default. No further summons is necessary, nor is it necessary to serve any amended summons in the same action. The defendant did not require any notice of the change in the phraseology of the summons. The order of this court, made in a proceeding in which he was the active party, gave him full notice, and all that that order effected was the correction of the record. The defendant shall have until the rule-day in December next to make such defense as he may be advised.